UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT K.,

               Plaintiff,

    v.                                        6:21-CV-1095
                                                  (DJS)

KILOLO KIJAKAZI, *Acting Commissioner*
*of Social Security*,

               Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>Attorney for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, New York 14226 | JUSTIN GOLDSTEIN, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>Attorney for Defendant<br>6401 Security Boulevard<br>Baltimore, Maryland 21235 | HUGH DUN RAPPAPORT,<br>ESQ., |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 13 & 16. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1982. Dkt. No. 8, Admin. Tr. ("Tr."), p. 226. Plaintiff reported that he completed tenth grade and was unable, on multiple occasions, to obtain a GED. Tr. at pp. 39 & 232. He has past work experience as a cashier, machine operator, and sales associate. Tr. at p. 232. Plaintiff alleges disability due to Crohn's Disease, colitis, hernia, anxiety, depression, back problems, and comprehension problems. Tr. at p. 231.

### B. Procedural History

Plaintiff applied for supplemental security income in October 2019. Tr. at p. 94. He alleged a disability onset date of September 18, 2019. Tr. at p. 95. Plaintiff's application was initially denied on February 21, 2020 and upon reconsideration on May 14, 2020, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 129-136, 142-149, & 150. Plaintiff appeared and testified at a hearing before ALJ Kenneth Theurer on December 18, 2020. Tr. at pp. 33-55. A vocational expert also testified at the hearing. *Id.* On January 28, 2021, the ALJ issued

a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 10-22. On August 20, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 28, 2019. Tr. at p. 12. Second, the ALJ found that Plaintiff had the following severe impairments: Crohn's Disease, anxiety disorder, depressive disorder, asthma, and obesity. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 13. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) with the following additional limitations:

> he can occasionally lift and carry twenty pounds, frequently lift and carry ten pounds, sit for up to six hours, stand or walk for approximately six hours in eight hour day with normal breaks; occasionally climb ramps or stairs; and occasionally climb ladders, ropes or scaffolds. He can perform occasional balancing, stooping, kneeling, crouching, and crawling. He should avoid concentrated exposure to extremes of cold, and concentrated exposure to smoke, dust, and respiratory irritants. He requires ready access to the restroom, (but the need to use the restroom can generally be accommodated by the typical morning, midday and afternoon breaks and an additional 3 to 5-minute break each morning and afternoon). He can understand, follow and retain simple instructions and perform simple tasks in a non-production pace

>    workplace; he can occasionally interact with the public, coworkers and supervisors; and, he can tolerate occasional changes in the work setting and processes.

Tr. at p. 16.

Fifth, the ALJ found that Plaintiff could not perform his past relevant work. Tr. at p. 20. Sixth, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 21-22. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 23.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential

evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff seeks review in this Court on the ground that the ALJ's residual functional capacity finding was not supported by substantial evidence. *See generally* Dkt. No. 13, Pl.'s Mem. of Law. Specifically, Plaintiff asserts that the ALJ's findings regarding Plaintiff's mental limitations were not supported by substantial evidence and

6

did not accurately reflect the record. *Id.* at pp. 11-24. Second, Plaintiff claims that the ALJ erred with respect to limitations imposed regarding Plaintiff's need to use the bathroom. *Id.* at pp. 24-25. In response, Defendant asserts that the ALJ properly evaluated the record and that the analysis and ultimate decision were both supported by substantial evidence. *See generally* Dkt. No. 16, Def.'s Mem. of Law at pp. 2-25.

### A. Plaintiff's Mental Limitations

The ALJ found that Plaintiff's anxiety disorder and depressive disorder were severe impairments. Tr. at p. 12. The ALJ's RFC finding incorporated a number of non-exertional limitations designed to address those limitations. Tr. at p. 16. Plaintiff contends that the ALJ's conclusions regarding the extent and limiting effect of these impairments are not supported by substantial evidence for a number of reasons. Pl.'s Mem. of Law at pp. 11-24. Having reviewed the record, the Court agrees remand is required for a more detailed assessment of Plaintiff's ability to function in light of his recognized mental conditions.

Plaintiff contends that the ALJ erred in evaluating several medical opinions in the record. Pl.'s Mem. of Law at pp. 17-23. The Court agrees.

Shawn Johnston, a social worker, offered an opinion finding Plaintiff to have significant limitations in his ability to perform work. Tr. at pp. 835-837. The ALJ found this opinion unpersuasive because it was not supported by other evidence in the record and because it was provided "in a mostly check-the-box format with little explanation and relies heavily on the claimant's own subjective allegations." Tr. at p. 20. The

Second Circuit, however, has specifically rejected the notion that a treating provider's use of a check-box form automatically discounts the persuasiveness of the opinion. *Colgan v. Kijakazi*, 22 F.4th 353, 361 (2d Cir. 2022). The focus "of an ALJ's inquiry in disability factfinding turns on the substance of the medical opinion at issue - not its form." *Id.* Nor does the Court agree with the conclusion that Mr. Johnston offered little explanation for his opinion. Unlike some check box forms which provide no opportunity for narrative discussions, Mr. Johnston's opinion offered substantive comments explaining the identified limitations. Tr. at pp. 835-837. In addition, it was not a problem that Mr. Johnston relied on Plaintiff's subjective complaints because "the Second Circuit has held that a doctor's reliance on subjective complaints does not necessarily undermine his opinion of the claimant's functional limitations. That is particularly true in the case of mental health impairments." *Leanne S. v. Comm'r of Soc. Sec.*, 2022 WL 4448245, at *21 (N.D.N.Y. Sept. 23, 2022) (internal quotations, citations, and alterations omitted). Finally, while the ALJ discounted Mr. Johnston's opinion because it was inconsistent with that of a consultative examiner, Tr. at p. 20, it is important to note that the consistency analysis an ALJ is required to perform by the regulations "does not measure whether a medical opinion is consistent with a single other medical opinion - it measures whether the medical opinion is consistent with *all* medical and nonmedical evidence in a claim." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *9 (N.D.N.Y. Dec. 14, 2021). The ALJ appears to have instead focused

on the lack of consistency with just one opinion. For these reasons, the ALJ's basis for discounting Mr. Johnston's opinion warrants reconsideration.

The ALJ's evaluation of the opinions offered by the state agency consultants also should also be reconsidered. The ALJ found the opinions of two non-examining consultants persuasive. Tr. at p. 19. Social Security Administration regulations governing evaluation of medical opinions require Defendant to consider several factors including the supportability and consistency of an opinion with other evidence, the relationship of the medical provider with the patient, and the extent, if any, of a doctor's specialization. 20 C.F.R. § 416.920c(a) & (c). Supportability and consistency are "[t]he most important factors." 20 C.F.R. § 416.920c(a).

"In all cases the ALJ is required to provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings." *Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). The ALJ is "required to articulate how he considered the medical opinion, including explaining how he considered the 'supportability' and 'consistency' factors." *Jaleesa H. v. Comm'r of Soc. Sec.*, 580 F. Supp. 3d 1, 8 (W.D.N.Y. Jan. 18, 2022). "Both supportability and consistency in part require comparison of the medical opinions with other medical sources." *Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)-(2)). A conclusory analysis of these factors "precludes the Court from undertaking meaningful review" of the ALJ's

decision. *Jaleesa H. v. Comm'r of Soc. Sec.*, 580 F. Supp. 3d at 9; *see also William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *5 (N.D.N.Y. Feb. 4, 2022).

"When assessing a claimant's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability." *Jeffrey C. v. Berryhill*, 2019 WL 3361256, at *4 (N.D.N.Y. May 22, 2019), *report and recommendation adopted sub nom. Jeffrey C. v. Comm'r of Soc. Sec.*, 2019 WL 2482087 (N.D.N.Y. June 14, 2019). Here, however, those opinions were offered without access to other significant evidence in the record. Neither had access to Mr. Johnston's opinion and R. Lieber-Diaz's opinion was issued prior to Plaintiff's March 2020 mental health hospitalization. Tr. at p. 102. "Great weight should not be accorded to the opinion of a non-examining State agency consultant whose opinion is based on an incomplete record." *Coleman v. Colvin*, 2015 WL 1190089, at *10 (S.D.N.Y. Mar. 16, 2015); *see also Stevens v. Comm'r of Soc. Sec.*, 2016 WL 3199515, at *7 (N.D.N.Y. June 8, 2016).

In addition, it is unclear to what extent the ALJ addressed the important supportability and consistency factors here. "The supportability factor measures whether the medical opinion is supported by objective medical evidence and accompanying explanations." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *8. "The consistency factor . . . measures whether the medical opinion is consistent with *all* medical and nonmedical evidence in a claim." *Id.* at *9. As such, identifying a lack

of consistency, but failing to explain the inconsistency in the context of the medical record as a whole prevents meaningful review.

The ALJ's decision does not specifically reference how the conclusions of the state agency reports were supported by the medical record beyond a vague reference to "multiple normal mental status evaluations." Tr. at p. 19. Nor does the decision identify any specific inconsistencies, making it difficult for the Court to assess whether the ALJ considered this factor. *William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *5 (noting the lack of actual comparison of the medical opinions in the record).

Because the ALJ's consideration of the opinions discussed above raises concerns about the propriety of that analysis, the Court finds that this meaningful review cannot be made here and remand is required.

Finally, "it is clear that the entire record must be considered in determining the appropriate RFC." *Richardson v. Berryhill*, 2019 WL 4764834, at *6 (D. Conn. Sept. 30, 2019). That does not impose an obligation upon the ALJ to discuss every piece of evidence in the record. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The ALJ, however, is "required to detail [his] analysis with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Siham H. v. Kijakazi*, 2022 WL 4465462, at *5 (N.D.N.Y. Sept. 26, 2022) (citation and internal quotations omitted). Plaintiff was hospitalized for several days in March 2020 after reporting to an emergency room and expressing concerns about harming himself. He was assessed as an "intermediate" risk for suicide

at the time. Tr. at p. 683. The ALJ made only a brief reference to this hospitalization, Tr. at p. 17, and did not cite the medical records from the hospitalization at all. As such, it is unclear to the Court that this hospitalization which raised significant concerns, at least at the time, about Plaintiff's functional abilities was considered by the ALJ.

For all of these reasons, remand for further consideration of Plaintiff's mental RFC is warranted.

### B. Plaintiff's Need to Use the Bathroom

Plaintiff next contends that the ALJ's finding in his RFC regarding accommodations for Plaintiff's ability to use the bathroom is not supported by substantial evidence. Pl.'s Mem. of Law at pp. 24-25. Specifically, Plaintiff objects to the ALJ's conclusion about how often and for how long Plaintiff would need to use the bathroom during a typical workday. *Id.* at p. 24.

The ALJ recognized that Plaintiff suffered from gastrointestinal disorders, Tr. at p. 12, and noted in the RFC that Plaintiff "requires ready access to the restroom, (but the need to use the restroom can generally be accommodated by the typical morning, midday, and afternoon breaks and an additional 3 to 5-minute break each morning and afternoon." Tr. at p. 16. Plaintiff objects that the ALJ's conclusion regarding accommodating Plaintiff's need to use the bathroom is not supported by the record. With respect to this claim, the Court finds no error in the ALJ's analysis.

Plaintiff testified that he needs to use the bathroom "[a]t least ten" times a day. Tr. at p. 46. The ALJ appears to have credited that testimony and specifically noted that

12

Plaintiff "requires ready access to the bathroom." Tr. at p. 16. Plaintiff's objection appears to be the ALJ's conclusion that this could be accommodated by morning, lunch, and afternoon breaks, is unsupported by any medical opinion. Pl.'s Mem. of Law at p. 24. As Plaintiff concedes, however, none of the medical opinions specifically provided for the need for bathroom breaks. Pl.'s Mem. of Law at p. 24. Given the lack of any medical opinion stating that Plaintiff needed such an accommodation, it would not have been error for the ALJ to omit it from the RFC. The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was "more generous" than the medical opinions required and "where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." *Beaman v. Comm'r of Soc. Sec.*, 2020 WL 473618, at *6 (W.D.N.Y. Jan. 28, 2020) (quoting *Baker v. Berryhill*, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)). In fact, "even if the ALJ did commit error, which the Court finds []he did not, it was harmless since the ALJ's RFC finding was more favorable to Plaintiff than [any other] opinion." *Sarah C. v. Comm'r of Soc. Sec.*, 2021 WL 1175072, at *11 (N.D.N.Y. Mar. 29, 2021).

While Plaintiff objects to the ALJ purportedly speculating as to the type of accommodation that is appropriate, this case is unlike one where a medical opinion identified a specified need for restroom access and the ALJ determined on his own accord that different access was required. *See Sheri S. v. Berryhill*, 2019 WL 1429522, at *4 (N.D.N.Y. Mar. 29, 2019). Instead, here, the RFC was guided by, and not

13

inconsistent with, Plaintiff's testimony regarding the need to use the bathroom multiple times per day. *See* Tr. at p. 46. Here, there was no contrary medical opinion and so the ALJ did not improperly substitute his opinion for that of a medical professional.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 27, 2023
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge