UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT SCOTT K.,

                      Plaintiff,

     v.                                     6:21-CV-1095
                                                      (DJS)

MARTIN O'MALLEY, *Commissioner of Social Security*,[1]

                      Defendant.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. BACKGROUND

Plaintiff commenced this action on October 6, 2021 challenging the administrative denial of disability benefits. Dkt. No. 1. Following briefing by the parties, the Court issued a decision remanding the matter to the Social Security Administration. Dkt. No. 17, MDO. Plaintiff has now filed a Motion for Fees under the Equal Access to Justice Act. Dkt. No. 20. Defendant opposes the Motion, Dkt. No. 21, and Plaintiff has filed a reply. Dkt. No. 22.

---

[1] Martin O'Malley is now the Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

## II. DISCUSSION

*A. Whether Plaintiff is Entitled to a Fee Award*

"The EAJA provides for an award of attorney fees and costs to the prevailing party in social security litigation against the United States when the government fails to demonstrate that its position was 'substantially justified,' and absent 'special circumstances' making an award unjust." *Weatherby v. Comm'r of Soc. Sec.*, 2009 WL 1563925, at *1 (N.D.N.Y. June 3, 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). Defendant maintains an award of fees is unwarranted because its position was substantially justified. Dkt. No. 21.

"The Government bears the burden of showing that its position was substantially justified and to meet that burden, it must make a strong showing that its action was justified to a degree that could satisfy a reasonable person." *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (internal quotations and citations omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "To make this showing, the Commissioner must demonstrate that his position had a 'reasonable basis both in law and fact.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81-82 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. at 564). Simply because the Defendant lost on the merits does not raise any sort of presumption that its position was not substantially justified. *Jessica R. v. Kijakazi*, 2023 WL 4514445, at *2 (N.D.N.Y. July 13, 2023). However, "[t]he Commissioner cannot prevail by arguing that he was substantially justified in some of the positions he took if he was not substantially justified on all the positions." *Rachel

2

*C. v. Kijakazi*, 2022 WL 2643582, at *3 (N.D.N.Y. July 8, 2022) (internal quotations and citations omitted).

In directing remand, this Court found that the ALJ had failed to adequately address, in several ways, the record regarding Plaintiff's mental limitations. MDO at pp. 7-12. Recitation of a few bedrock analytical principles in Social Security disability cases – principles that the ALJ failed to follow in this case – demonstrates why Defendant's position was not substantially justified on this issue.

"In reviewing a final decision by the Commissioner . . . the Court must review the administrative record to determine whether 'there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'" *Tanya S. v. Saul*, 410 F. Supp. 3d 436, 444 (N.D.N.Y. 2019) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). In assessing the record and applying the appropriate legal standards, "the ALJ is required to provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings." *Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). "The crucial factors in an ALJ's decision must be set forth in sufficient detail as to enable meaningful review by the court." *Booker v. Astrue*, 2011 WL 3735808, at *5 (N.D.N.Y. Aug. 24, 2011).

These principles were well-established in 2021 when the ALJ issued his decision. However, after reviewing the record and the arguments of the parties, the Court concluded that the ALJ had not satisfied these obligations. For example, the Court found

that the ALJ may have improperly applied the standard for evaluating consistency of opinions in discounting the opinion of Shawn Johnson. MDO at pp. 8-9. Similarly, it was unclear in the record whether the consistency determination made with regard to state agency consultants had been made consistent with the regulatory requirements. *Id.* at pp. 9-11. Moreover, the record in this case included evidence that Plaintiff had reported to an emergency room threatening self-harm, but "the ALJ made only a brief reference to this hospitalization." *Id.* at p. 12.

Together these conclusions required remand for further consideration of Plaintiff's mental limitations because the Court was "concern[ed] about the propriety of [the ALJ's analysis]" and has a result could not conduct a "meaningful review" of the administrative determination. *Id.* at p. 11. The Court did not remand the remand because of a disagreement regarding the ALJ's application of the facts to established rules, but because of its inability to assess whether the established rules were applied at all. When an ALJ's decision is such that the Court cannot undertake a meaningful review, the Commissioner's position is not substantially justified. *Cassandra H. v. Comm'r of Soc. Sec.*, 2023 WL 2983685, at *4 (W.D.N.Y. Apr. 18, 2023); *Olczak v. Saul*, 2020 WL 1610569, at *2 (W.D.N.Y. Apr. 2, 2020).

The Court, therefore, finds that the Commissioner's position was not substantially justified and that an award of fees under the EAJA is appropriate.

*B. The Fee Award*

The Motion seeks $8,793.69 in fees. Dkt. No. 20. It is supported by an itemized billing record that, upon review, reflects a reasonable amount of appropriate work. *See* Dkt. No. 20-2. The Court notes that Defendant "defers to this Court's determination of whether the amount that Plaintiff seeks is reasonable." Dkt. No. 21 at p. 4 n.3.[2] Based on the foregoing, Plaintiff is awarded fees under the Equal Access to Justice Act in the amount of $8,793.69. It is further ordered that payment will be made directly to Plaintiff's attorney pursuant to the agreed upon assignment from Plaintiff. *See* Dkt. No. 20-3.

### III. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Fees under the Equal Access to Justice Act is **GRANTED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Decision and Order on the parties.

Dated: February 20, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] Defendant did offer a series of "observations" about the manner in which the case was litigated which warrant brief comment. Defendant observes both that this was a "garden-variety case that did not present any novel or complex . . . issues" and that counsel for a prevailing party should exclude unnecessary fees. At the same time, counsel points out that Plaintiff did not feel the need to file a reply, did not, as is typical in this District, seek oral argument, and did not object to or seek reconsideration of the favorable Report-Recommendation. Dkt. No. 21 at p. 4 n.3. In the Court's view, these facts only further demonstrate the reasonableness of this fee request.